UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID POGGI,
on his own
behalf and others
similarly situated,

    Plaintiff,

v.

    Case Number _____

HUMANA, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, (on his own and on behalf of others similarly situated) was an employee of Defendant, a foreign for profit corporation, and brings this action for unpaid wages, retaliation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff(s) worked as an hourly worker for Defendant and performed related activities for Defendant in Pinellas County, Florida. Plaintiff is employed in a labor position with Defendant and has been so employed with Defendant for approximately the past eighteen months.

2. Defendant is a for profit corporation that operates and conducts business in, among others, Pinellas County, Florida, and is therefore, within the jurisdiction of the Court. Defendant is an EMPLOYER as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways and byways and products and supplies (that are used in connection with services provided to Defendant's customers) which do

not originate from Florida. Upon information and belief, Defendant grosses far in excess of $500,000.00 in annual revenue at all times material to this case, including the 24 months prior to February 14, 2017.

3. This action is brought under the FLSA to recover from Defendant, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly employee who worked for the Defendant at any time within the past three (3) years.

4. The Court has jurisdiction over Plaintiff(s) claims as all material events transpired in Pinellas County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

6. At all material times relevant to this action, Plaintiff(s) in his capacity as an employee(s) were individually covered by the FLSA. Plaintiff used telephones, computers in connection with Defendant's business interest.

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff(s) performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff(s) for all hours worked during their employment.

8. During their employment with Defendant, Plaintiff(s), and those similarly situated to them, were not paid for all time worked during one or more work weeks. Specifically, Defendant failed to pay Plaintiff and those similarly situated to them for work performed off the clock, including but not limited to requiring Plaintiff(s) to work

without compensation. In fact, in many instances, Defendant did not keep track of the hours worked by Plaintiff and simply paid Plaintiff a flat rate or salary that would have equated to far less than the minimum wage and no provisions for overtime. Routinely, Defendant would require Plaintiff to work time in excess of forty hours a week and Defendant would make no provision to pay Plaintiff for the overtime wages and, likewise, Defendant would make no attempt to even record those hours that Plaintiff worked over forty hours in a given week throughout the entirety of Plaintiff's employment. Plaintiff contacted Defendant in writing on February 6, 2017, asking to be paid for time that Plaintiff worked, but for which Defendant did not pay Plaintiff. (See, Attachment A).

9. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff(s), and others similarly situated to them, true hours of work. Defendant refused to respond to written demands for payment of unpaid wages and minimum wages and overtime wages (compensation) made by the named Plaintiff and on behalf of the named Plaintiff. Defendant has not objected to the quantum of hours worked by Plaintiff. Defendant did not turn over any documentation that may have assisted Plaintiff(s) in providing a more specific demand. The extent to which other similarly situated workers may be owed wages under the FLSA has yet to be determined. To the extent that relevant documents exist, such are believed to be in the exclusive possession of Defendant; however Defendant has not produced any documentation relating to this claim. At no point has Defendant ever suggested, informed or advised Plaintiff that Plaintiff was exempt or that Plaintiff did not work the time that Plaintiff has

claimed to have worked, but not been paid for, and Defendant has never denied owing Plaintiff wages as sought by Plaintiff's above referenced February 6, 2017 letter.

## RECOVERY OF OVERTIME and MINUMUM WAGE COMPENSATION

10. Plaintiff(s) reincorporates and readopts all allegations contained within Paragraphs 1-9, above.

11. Plaintiff(s), and those similarly situated to them, are/were entitled to be paid their regular rate of pay for each hour worked per work week. Likewise, Plaintiff(s) and those similarly situated to them are/were entitled to be paid time and a half for each hour worked over 40 hours each week of their employment. During their employment with Defendants, Plaintiff(s), and those similarly situated to them, regularly worked hours for each week and were not paid even minimum wages for said time. Plaintiff was not a managerial employee, but was a laborer for Defendant. Plaintiff did not exercise discretion in the performance of his job duties for Defendant.

12. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to them, their correct rate of pay for each hour worked work week in one or more work weeks, Plaintiff, and those similarly situated to them, have suffered damages plus incurring reasonable attorneys' fees and costs.

13. As a result of Defendant's willful violation of the FLSA and Article X, Section 24 of the Florida Constitution, Plaintiff(s), and those similarly situated to them, are entitled to payment of the unpaid wages under Florida law, as well as minimum wages liquidated damages under the FLSA.

14. Plaintiff(s) demands a trial by jury.

WHEREFORE, Plaintiff(s), and all other similarly situated employees, demand judgment against Defendant, for the payment of all hours at the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY.

_____
David Poggi

DATED this 16 day of February 2017.

                                                  **s/W. John Gadd**
                                                  W. John Gadd, Esq.
                                                  Fl Bar Number 463061
                                                  **Bank of America Building**
                                                  2727 Ulmerton Rd. Ste. 250
                                                  Clearwater, FL 33762
                                                  Tel – (727)524-6300
                                                  Email – wjg@mazgadd.com

                                                  **/s/ Kyle Lee**
                                                  Lee Law PLLC
                                                  FL Bar Number 105321
                                                  P.O. Box 4476
                                                  Brandon, FL 33509-4476
                                                  813-343-2813
                                                  Email: Kyle@kyleelaw.com