UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID POGGI, on his own behalf
and others similarly situated,

      Plaintiff,

v.                                            Case No.  8:17-cv-433-T-24 MAP

HUMANA, INC,

      Defendant.
_____/

**ORDER**

      This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 8).

Plaintiff opposes the motion.  (Doc. No. 11).  As explained below, the motion is granted.

**I.  Standard of Review**

      In deciding a motion to dismiss, the district court is required to view the complaint in the

light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959,

962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The

Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon

which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim

showing that the pleader is entitled to relief in order to give the defendant fair notice of what the

claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.

(citation omitted).  While the Court must assume that all of the allegations in the complaint are

true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above

the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether

the plaintiff will ultimately prevail in his or her theories, but whether the allegations are

sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See

Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff filed a complaint for recovery of overtime and minimum wage compensation.

Plaintiff provides no detail about his position with Defendant Humana, Inc., other than to allege

that he "is employed in a labor position" and "worked as an hourly employee."  (Doc. No. 1,

¶ 1).  However, later in the complaint, Plaintiff alleges that in many instances, Defendant

"simply paid Plaintiff a flat rate or salary that would have equated to far less than the minimum

wage and no provision for overtime."  (Doc. No. 1, ¶ 8).

In addition to the lack of detail regarding Plaintiff's employment, it is also unclear what

precise claims that Plaintiff is asserting.  There is no dispute that Plaintiff is asserting claims

under the Fair Labor Standards Act ("FLSA"), but Plaintiff also references the Florida

Constitution.  He also makes a passing reference to retaliation.  Finally, he appears to be

attempting to assert a collective action.  In response, Defendant moves to dismiss the complaint.

## III.  Motion to Dismiss

Defendant moves to dismiss portions of the complaint, making four arguments: (1)

Plaintiff fails to sufficiently allege a claim for retaliation; (2) Plaintiff fails to sufficiently allege

a claim under the Florida Minimum Wage Act; (3) Plaintiff fails to adequately set forth a claim

for relief as a collective action; and (4) Plaintiff cannot pursue a collective action because he has

failed to file a consent to join form for himself.  Accordingly, the Court will address each

argument.

### A.  Retaliation

Defendant argues that Plaintiff fails to sufficiently allege a claim for retaliation, as his complaint contains no allegations to support such a claim.  Plaintiff's response fails to address this argument, and therefore, the Court considers the retaliation claim to be abandoned. Accordingly, the Court grants Defendant's motion to dismiss the retaliation claim.

### B.  Florida Minimum Wage Act

Next, Defendant argues that Plaintiff fails to sufficiently allege a claim under the Florida Minimum Wage Act ("FMWA"), because Plaintiff fails to allege that he complied with the pre-suit notice requirements set forth in Florida Statute § 448.110(6)(a).[1]  Plaintiff responds that he is not asserting a claim under the FMWA and that he "brings his claims under the Fir Labor Standards Act, alone."  (Doc. No. 11, p. 4).  Accordingly, the Court grants Defendant's motion to dismiss any purported claim brought under the FMWA.

### C.  Collective Action Allegations and Consent Form

Next, Defendant argues that Plaintiff fails to adequately set forth a claim for relief as a collective action.  Specifically, Defendant contends that Plaintiff has not sufficiently alleged that the collective class is similarly situated to him.  Additionally, Defendant argues that if Plaintiff intends to pursue a collective action, he must file a consent to join form for himself, which he

---

[1]Section 448.110(6)(a) provides: "[P]rior to bringing any claim for unpaid minimum wages pursuant to [the FMWA], the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice."

has failed to do.  Plaintiff responds that he has not yet moved for conditional certification, and as such, these arguments are premature.

In order for this case to proceed as a collective action, Plaintiff must file a consent to join form.  See 29 U.S.C. § 256; Matos v. Macmillan Oil Co. of Fla. Inc., 2014 WL 12605572, at *2 (S.D. Fla. April 22, 2014); Garcia v. Halpern LTO, LLC, 2014 WL 12600055, at *3 (S.D. Fla. April 7, 2014); Peralta v. Greco International Corp., 2011 WL 5178274, at *3 (S.D. Fla. Oct. 31, 2011); Lago v. Amoa Construction & Development Corp., 2008 WL 4540062, at *3 (S.D. Fla. Oct. 10, 2008).  As Plaintiff has not yet filed a consent to join form, this case is currently proceeding as an individual action against Defendant.  As such, Plaintiff's collective action allegations are superfluous at this time.

If Plaintiff wishes to pursue a collective action, he must file a consent to join form for himself.  See id.  Furthermore, there is a split of authority within this circuit regarding how much detail must be alleged in the complaint about similarly situated employees who are included within the collective action.  Some courts conclude that this issue should be addressed in a motion for conditional certification, not in a motion to dismiss.  See Mitial v. Dr. Pepper Snapple Group, 2012 WL 2524272, at *4 (S.D. Fla. June 29, 2012); Edny v. Las Olas Finer Foods, Inc., 2012 WL 12888781, at *2 (S.D. Fla. May 17, 2012); Anish v. National Securities Corp., 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010); Puleo v. SMG Property Management, Inc., 2008 WL 3889727, at *3 (M.D. Fla. Aug. 20, 2008).  Other courts require more than the conclusory assertion in the complaint that the FLSA claim is being brought on behalf of similarly situated employees.  See Bule v. Garda CL Southeast, Inc., 2014 WL 3501546, at *4 (S.D. Fla. July 14, 2014); Dyer v. Lara's Trucks, Inc., 2013 WL 609307, at *3–4 (N.D. Ga. Feb. 19, 2013); St.

4

Croix v. Genentech, Inc., 2012 WL 2376668, at *3 (M.D. Fla. June 22, 2012).

The Dyer court explained the rationale for requiring more than a conclusory allegation that the FLSA claim is being brought on behalf of similarly situated employees:

> A motion to dismiss collective action elements of an FLSA action and a motion for conditional certification are different for several reasons in addition to the identity of the party filing the motion. This motion to dismiss does not, in the Court's opinion, simply "end-run the certification process by trying certification on the face of the complaint." To survive a motion to dismiss, a plaintiff must give the defendant fair notice of the putative class. No evidence is required. The plaintiff's reward for surviving a motion to dismiss is discovery. Moreover, "counsel may have some incentive to keep the claims unspecific to achieve the largest possible class"; the motion to dismiss is a defendant's shield against this danger. On the other hand, to be granted conditional certification, a plaintiff must produce evidence which allows the Court to conclude that a reasonable basis exists for finding that there are other similarly situated employees who wish to opt-in to the action. Successful evidence may include "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." The plaintiff's reward for conditional certification is the opportunity to send notice of the action to putative class members. "Generally, whether a suit can be maintained as a collective action under the FLSA is determined not on a 12(b)(6) motion, but rather on a motion to conditionally certify a collective action. Nevertheless, where a complaint fails to sufficiently allege the attributes of the similarly situated employees, the collective action claim may be dismissed at the pleading stage."

Dyer, 2013 WL 609307, at *3 (internal citations omitted).

This Court is persuaded that more detail is required in the complaint than a mere conclusory allegation that Plaintiff is asserting a collective action on behalf of similarly situated employees. This Court is not requiring heightened pleading, but fair notice to Defendant requires at least the following information: (1) identification of Plaintiff's job title and the job title of those employees who he contends are similarly situated; and (2) the pay provision at issue that is being applied to Plaintiff and the other similarly situated employees. It is not enough to

simply say that Defendant did not pay minimum wages and/or overtime to Plaintiff and others. Instead, Plaintiff must include some information about the specific pay provision that is resulting in the FLSA violation.  For example, a defendant may require that all salespeople take a one-hour, unpaid lunch break, but the employer knows that employees are unable to take a lunch break and must work during that unpaid hour.  Plaintiff gives absolutely no detail in the complaint about what his position is, what positions similarly situated employees are in, and what specific pay provision is resulting in the FLSA violation.  While such lack of detail may be barely sufficient for an individual FLSA action, this Court requires more to give Defendant fair notice of an FLSA collective action.

Based on the above, the Court concludes that after ruling on the instant motion, all that remains is Plaintiff's individual FLSA claim for unpaid minimum wages and overtime.  If Plaintiff wants to pursue a collective action, he must file an amended complaint with more detail about the alleged similarly situated employees who he wishes to include.  Additionally, Plaintiff must also file a consent to join form for himself if he wants to pursue a collective action.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED**.  All that remains in Plaintiff's complaint is an individual FLSA claim for unpaid minimum wages and overtime.  If Plaintiff wants to pursue a collective action, he must file an amended collective action complaint that corrects the deficiencies described above, along with a consent to join form, by April 14, 2017.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of April, 2017.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge