UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID POGGI, on his own behalf,
and others similarly situated,

    Plaintiff,

vs.                        CASE NO. 8:17-cv-433-T-24-MAP

HUMANA AT HOME 1, INC.,
and HUMANA INC.

    Defendants.
_____

HARRY CRUZ, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.                        CASE NO. 8:17-cv-1234-T-24-JSS

HUMANA AT HOME 1, INC.,
and HUMANA INC.

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF UNPAID WAGES SETTLEMENT AND DISMISSAL OF DAVID POGGI'S ACTION *WITH PREJUDICE* AND INCORPORATED MEMORANDUM OF LAW**

        Plaintiff, DAVID POGGI ("Plaintiff") and Defendant, HUMANA AT HOME 1, INC. and HUMANA INC. ("Defendants"), by and through their respective undersigned counsel and pursuant to Local Rule 3.01, jointly move this Honorable Court to approve the settlement reached by the parties of the FLSA unpaid wages claim in this case and to dismiss Plaintiff's claim with prejudice, and in support thereof state as follows:

1. On or about August 11, 2017, Plaintiff filed a Second Amended Complaint against Defendants, which is the controlling Complaint in this case, seeking back pay, liquidated damages, attorney's fees, and costs for alleged unpaid wages in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 48). Specifically, Plaintiff claims that he was not paid all overtime wages owed to him, because he worked off the clock. Thus, Plaintiff claims that he is owed certain overtime wages at time and a half. Defendants deny these allegations.

2. Plaintiff attempted to bring his claim on behalf of individuals that were purportedly similarly-situated to Plaintiff. On October 30, 2017, however, this Court entered an Order denying Plaintiff's Motion for Conditional Certification and Facilitation of Court-Authorized Notice. (Doc. 66).

3. The parties have successfully come to an agreement to resolve their disputes as to Plaintiff's FLSA claim. The parties now seek approval from the Court of the settlement agreement for Plaintiff's unpaid wages claims and dismissal of Plaintiff's claim *with prejudice*.[1] The unpaid wages settlement agreement is attached as **Exhibit 1.**

4. The settlement provides that Defendants will pay Plaintiff a total gross sum of Fourteen Thousand, Twenty Dollars, and Forty-Six Cents ($14,020.46), consisting of the following payments: (1) Two Thousand, Two Hundred, Sixty Dollars, and Twenty-Three Cents ($2,260.23) in alleged unpaid compensation; (2) Two Thousand, Two Hundred, Sixty Dollars, and Twenty-Three Cents ($2,260.23) in alleged liquidated damages and (3) Nine Thousand, Five Hundred Dollars, and Zero Cents ($9,500.00) in attorneys' fees and costs.

---

[1] This dismissal shall not affect the other plaintiffs in this case, including: Harry Cruz, Acyntha Daniel, Heather Teppe, Tharius Bethel, Harry Cruz, Chimere Ford, Shashana Nixon, and Cherilyn Marrero.

5.	As described more fully below, the parties agree this is a fair and reasonable settlement of a bona fide dispute.

## MEMORANDUM OF LAW

**A.	Standard of Review.**

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1)	the existence of fraud or collusion behind the settlement:
(2)	the complexity, expense, and likely duration of the litigation;
(3)	the stage of the proceedings and the amount of discovery completed;
(4)	the probability of plaintiff's success on the merits:
(5)	the range of possible recovery; and
(6)	the opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007)(citing *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977)).

**B.     There Is a Bona Fide Dispute as to Plaintiff's FLSA Claims and All of the Relevant Criteria Support Final Approval of the Settlement.**

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

<u>Nature of the Dispute</u>

Plaintiff was a non-exempt employee of Humana at Home 1, Inc. who held the position of Case Manager-Care Coordinator SNP, which is also known as a Healthcare Finder from September 2015 until April 2017. Plaintiff was paid hourly and time and a half for all hours over forty (40) hours in a workweek. Plaintiff claims he worked off the clock and was not time for this time worked over forty (40) hours in a workweek. Thus, Plaintiff seeks damages for back pay at time and a half.

Defendants deny Plaintiff's allegations and contend that no amounts are due and owing because Plaintiff did not work off the clock. To the extent that Plaintiff worked off the clock, Defendants were not on notice of Plaintiff working. The parties agree that there are no records that show for exactly how long each week Plaintiff was engaged in off the clock

work when he was employed by Humana at Home 1, Inc.

## Summary of the Settlement

After considering the above dispute, the parties agreed to a settlement of Plaintiff's claims. The parties have exchanged time and pay records and made calculations assuming Plaintiff worked off the clock. Under the settlement, Plaintiff will receive $2,260.23 of wages allegedly for time spent over and above 40 hours in a week working off the clock and $2,260.23 for liquidated damages. This equates to Plaintiff working 5 hours off the clock every week during his employment with Humana at Home 1, Inc. This settlement fully compensates Plaintiff for the time he claims he worked over and above 40 hours in a workweek off the clock. Finally, the settlement agreement provides that Defendants will pay $9,500.00 to Plaintiff's counsel as attorneys' fees and costs. The parties agree that this is a reasonable resolution to Plaintiff's claims.

## The *Leverso* Factors

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees*, 706 F. Supp. 2d at 1243-44. Compromise may be permissible if, for example, the FLSA issue in a case is unresolvedly close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id*. at 1244. Here, the parties agree that there is a bona fide dispute as to whether Plaintiff worked off the clock, and, if so, how many times and for how long.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the

plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiff was represented by Bernard Mazaheri, Esq. of Morgan & Morgan and Defendants were represented by Stephanie Adler-Paindiris of Jackson Lewis P.C. All counsel involved in this case have extensive experience in litigating claims under the FLSA, including claims for unpaid overtime wage compensation. Each counsel was obligated to, and did, vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also militate in favor of this settlement. The parties continue to disagree over the merits of the claims Plaintiff asserted. As noted above, Plaintiff contends Defendants failed to pay him for hours he worked over and above forty (40) hours in a workweek when he worked off the clock. Defendants maintain that Plaintiff did not work off the clock and, even if Plaintiff worked off the clock, Defendants were not on notice of Plaintiff's work. Moreover, the parties agree that there are no records that show exactly when Plaintiff was engaged in alleged off the clock work. If the parties continued to litigate this matter, they would be forced to engage in additional discovery, possible motion practice, and ultimately a costly trial to resolve this matter, the merits of which are uncertain. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been sufficient investigation and exchange of information to allow counsel and the parties to make well-reasoned decisions in this matter. The parties have exchanged relevant information pertaining to the factual basis for the claims and defenses in the matter. In agreeing upon the proposed settlement, the parties

had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiff's probability of success on the merits is uncertain, further suggesting that this settlement is fair and appropriate. As noted, Defendants maintain that Plaintiff was properly paid all wages owed to him. The range of possible recovery by Plaintiff also is open to dispute. Even if Plaintiff succeeds on the merits of his claim, which would require substantial additional time and exercise of resources by both parties, the exact amount of his recovery is uncertain. Additionally, Plaintiff considered his ability to prove the number of hours and days he spent performing off the clock work. Another factor considered was the viability of Defendants' defense that Defendants did not know and could not have known that Plaintiff was working off the clock. In light of the uncertainty of the amounts, if any, Plaintiff would recover if they were to continue litigating his claims, the Court should find that the settlement is fair and reasonable.

Finally, all Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. Accordingly, the Court should find that their recovery is a fair and reasonable settlement of a bona fide dispute.

    C.    **The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998).

In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms* at 5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorney's fees. *See Helms* at 12 ("The FLSA does not require the court to assess the fairness of the agreed payment of attorney's fees in settling an individual action."). Here, the Parties stipulate that the proposed fees to Plaintiff's counsel are reasonable and were negotiated separately from and without regard to the amounts being paid to Plaintiff under the terms of the settlement agreement. *See Bonetti v. Embarq Mgmt.*, Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (there is no reason to assume the attorneys' fee influenced reasonableness of settlement when attorneys' fees were negotiated separately and without regard to amounts being paid to plaintiff on a compromised FLSA claim). Therefore, the Parties request that this Court find the proposed attorneys' fees reasonable.

## **CONCLUSION**

The settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the FLSA Settlement Agreement and enter a Final Order of Dismissal of Plaintiff, David Poggi's claim with prejudice.

**WHEREFORE**, the Parties respectfully request that the Court (i) GRANT this Joint Motion for Approval of the Settlement; (ii) APPROVE the settlement outlined in this

motion and the attached settlement agreement; (iii) DISMISS Plaintiff, David Poggi's action with prejudice, and (iv) GRANT such further relief as the Court deems appropriate.

DATED this 12th day of December, 2017.

Respectfully submitted,

| MORGAN & MORGAN<br>Morgan & Morgan<br>333 Vine Street, Suite 1200<br>Lexington, KY 40507<br>Telephone:    (859) 219-4529<br><br><br>By:    */s/ Christina J. Thomas*<br>        Bernard R. Mazaheri<br>        Florida Bar No. 643971<br>        bmazaheri@forthepeople.com<br><br>        Christina J. Thomas<br>        Florida Bar #: 74846<br>        cthomas@forthepeople.com<br><br>W. John Gadd, Esquire<br>Florida Bar No. 0463061<br>The Law Office of W. John Gadd<br>2727 Ulmerton Road, Suite 250<br>Bank of America Building<br>Clearwater, FL 33762<br>(727) 524-6300<br>wjg@mazgadd.com<br><br>Kyle J. Lee, Esquire<br>Florida Bar No. 105321<br>Lee Law, PLLC<br>P.O. Box 4476<br>Brandon, FL 3359-4476<br>(813) 343-2813<br>kyle@kyleleelaw.com<br><br>Attorneys for Plaintiff, DAVID POGGI | JACKSON LEWIS P.C.<br>390 North Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone:    (407) 246-8440<br>Facsimile:    (407) 246-8441<br><br><br>By:    */s/ Amanda A. Simpson*<br>        Stephanie L. Adler<br>        Florida Bar No. 523283<br>        Stephanie.adler-paindiris<br>        @jacksonlewis.com<br><br>        Amanda A. Simpson<br>        Florida Bar No. 0072817<br>        amanda.simpson@jacksonlewis.com<br><br>Attorneys for Defendants |
|---|---|

9

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on this 12th day of December, 2017, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Kyle James Lee, Esquire, Lee Law, PLLC, 1315 Oakfield Drive, Post Office Box 4476, Brandon, FL 33509-4476; William John Gadd, Esquire, W. John Gadd, Attorney at Law, 2727 Ulmerton Road, Suite 250, Clearwater, FL 33762; Bernard R. Mazaheri, Esquire and Christina J. Thomas, Esquire, Morgan & Morgan, 333 Vine Street, Suite 1200, Lexington, KY 40507; Jeremiah J. Talbott, Esquire, Jeremiah J. Talbott, P.A., 900 East Moreno Street, Pensacola, FL 32503; Sean Culliton, Esquire, Sean Culliton, Esq., LLC, 150 John Knox Road, Tallahassee, FL 32303 and to John C. Davis, Esquire, Law Office of John C. Davis, 623 Beard Street, Tallahassee, FL 32303.

                    */s/ Amanda A. Simpson*
                     Amanda A. Simpson

4819-5528-2263, v. 1